UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**CHARLES R. LANDS,**
              **Plaintiff**

**v.**                                            **Civil Action Number**
                                                                **3:06CV227-J**

**MICHAEL J. ASTRUE, Commissioner,**
   **Social Security Administration,**
              **Defendant**

## MEMORANDUM OPINION

This matter is before the Court on plaintiff Charles Lands' request for review of the decision of the defendant Commissioner denying his claim to Disability Insurance Benefits. After examining the materials of record, the arguments of the parties and the applicable authorities, the Court is of the opinion that the decision should be vacated and the matter remanded for further proceedings.

Plaintiff filed application on March 1, 2002, alleging that he had been unable to engage in any substantial gainful employment since June 2001. After a hearing, the Administrative Law Judge ("ALJ") determined in July 2004 that Mr. Lands' anxiety, depression, coronary artery disease and borderline intellectual functioning were severe impairments that prevented him from performing any of this past relevant work. The ALJ further found that Mr. Lands' retained the residual functional capacity for a significant range of light work. The Appeals Council left the record open to permit receipt of additional evidence, but none was submitted. In March of 2006, the Appeals Council declined to review the decision of the ALJ.

1

If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. <u>Studaway v. Secretary of HHS</u>, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Jones v. Secretary</u>, 945 F.2d 1365 (6th Cir. 1991). The Court's obligation to affirm in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion. <u>Stanley v. Secretary</u>, 39 F.3d 115 (6th Cir. 1994), <u>Tyra v. Secretary</u>, 896 F.2d 1024 (6th Cir. 1990), <u>Mullen v Brown</u>, 800 F.2d 535, 545 (6th Cir. 1986).

Plaintiff contends that the ALJ erred in failing to list bilateral carpal tunnel syndrom as a severe impairment. The significance of finding an impairment "severe" or "non-severe" is whether the examination of the claimant's circumstances is taken to the next step in the sequential analysis. If any impairment is found severe, the analysis is taken to the next step, such that the mere failure to classify a second impairment "severe" is irrelevant, so long as the actual impact of that impairment is considered as part of the whole. To the extent plaintiff argues that a finding that a particular impairment is not severe can in itself constitute reversible error, he is incorrect. In <u>Maziarz v. Secretary of Health & Human Services</u>, 837 F.2d 240, 244 (6th Cir. 1987), the Court established that there is no error in finding a particular impairment non-severe so long as the effect of that condition is considered in determining whether the claimant "retained sufficient residual functional capacity to allow him to perform substantial gainful activity."

The vocational expert testified that there would be no sedentary work available for a person who, in addition to the impairments listed by the ALJ, had the use only of his non-

dominant hand. Tr. 130. Thus, the question at this juncture is not whether the condition should have been denominated "severe," but whether the record as a whole includes substantial evidence to support the ALL's determination that Mr. Lands' use of his right hand was not limited.

X-ray exam on March 21, 2003 revealed a normal cervical spine; carpal tunnel views were normal, but some narrowing was perceived; there were mild osteoarthritic changes observed. An electromyelographic study performed that same day found evidence of "an acute C8 radiculopathy bilaterally" as well as a "demyelinating compressive neuropathy (carpal tunnel syndrom) ... bilaterally." Tr. 502. Tr. 511. In April, 2003, Dr. Kincaid performed decompression surgery on Mr. Lands' left wrist. Tr. 507.

The following year, Dr. Kincaid referred his patient to Dr. Crump, a rheumatologist, because Mr. Lands was experiencing pain and swelling in his hands. Examining Mr. Lands on February 11, 2004, Dr. Crump found no evidence of erosive change in the hands and wrists. The radiographs did reflect some degenerative disc disease. With regard to the carpal tunnel complaint, Dr. Crump noted, "He does seem to have some residual compressive median neuropathy, but is not inclined to submit to surgery at this time." Tr. 526. Dr. Crump's impression was general edema "accompanied by superimposed mild to moderate osteoarthritis in his hands." Dr. Crump's report records Mr. Lands' assertion that his May 2003 release surgery gave him "no relief." Tr. 528. Dr. Crump included no mention of any inability of Mr. Lands to use his dominant hand.

Thus, the record appears to support the claim that Mr. Lands does have some type of difficulty with his hands, although the medical evidence fails to hint at complete inability to use

3

the right hand. Mr. Lands testified to considerable hand problems (e.g., inability to tie his shoes, inability to lift a gallon of milk). The ALJ stated that he found Mr. Lands' testimony concerning his limitations "not fully credible"; however, the reasoning the ALJ provided in support of that conclusion related solely to the issue of mental impairment. Thus, it is necessary that this claim be remanded for further proceedings to clarify this matter.

      An order in conformity has this day entered.