UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06CV-227-EHJ

CHARLES R. LAND                                                                                           PLAINTIFF

VS.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                                  DEFENDANT

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on plaintiff's motion for award of fees pursuant to the Equal Access to Justice Act, 28 U.S.C.A. Sec. 2412 ("EAJA"). The Commissioner does not contest plaintiff's status as a prevailing party, nor does the Commissioner assert that his position was substantially justified. However, he objects to plaintiff's request for an hourly rate in excess of the statutory rate.

Plaintiff has requested an hourly rate of $144.20. Pursuant to the EAJA, the maximum hourly fee recoverable is $125,[1] unless that amount is inadequate to reflect the prevailing rate in the community for lawyers of similar skill and experience. In the past, the Court regularly adopted the $125 hourly rate for practitioners in the Louisville market, rejecting cost of living arguments and arguments that the petitioning attorney has been awarded higher rates in other Districts.

Nonetheless, in some recent cases in which adequate "prevailing rate" support has been provided,[2] and in which the practitioner had particular experience and skill, the Court has awarded

---

[1] The $125 statutory fee has not been amended since March of 1996.

[2] Similar support is provided in this case.

1

EAJA fees above the statutory rate. In each of these cases, considerable attorney and court time has been expended on this issue of attorney fees. It seems likely that one of the purposes of establishing the $125 hourly "ceiling" was to avoid routinely and repeatedly ensnaring parties and the court in case by case rate examination. Accordingly, the Court has determined to undertake a general review of the question of the presumptive EAJA rate for the Louisville social security disability market.

Title 28 U.S.C. Sec. 2412 (d)(2)(A) specifies that the amount of EAJA fees is to be based on prevailing market rates for the kind and quality of the services furnished, except that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." The United States Court of Appeals for the Sixth Circuit has explained that the "statutory rate is a ceiling and not a floor," and has refused to agree that inflation automatically calls for a higher rate. Chipman v. Secretary, 781 F.2d 545, 547 (6th Cir. 1986). In Begley v. Secretary, 966 F.2d 196, 200 (6th Cir. 1992), the Court explained: "We interpret Chipman as a specific instruction not to use [the statutory rate] as a *minimum* hourly fee and a more general command to district courts to carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation." The Court recognizes its obligation to consider EAJA requests with care and to examine whether cost of living or a special factor justifies the request. The Court also recognizes its discretion in this area. Pierce v. Underwood, 487 U.S. 552 (1988).

In some Circuits, cost of living increases in the EAJA maximum rates are approved or established in court authority. See, e.g., Brungardt v. Commissioner of Social Sec., __ F.3d __, 2007 WL 1354722 (11th Cir., May 9, 2007); Johnson v. Sullivan, 919 F.2d 503, 505 (8th Cir.1990);

Washington v. Barnhart, 93 Fed.Appx. 630 (5th Cir. 2004); Sorenson v. Mink, 239 F.3d 1140 (9th Cir. 2001). While this Court finds some guidance in the reasoning of these sister circuits, it notes with some disappointment that the Sixth Circuit has not yet had occasion to provide clear guidance in this area. Accordingly, the Court proceeds primarily on the basis of logic, statutory interpretation, and its knowledge of the legal communities in the Western District of Kentucky.

When Congress established a single nationwide ceiling, it was certainly not blind to the fact that cost of living and prevailing legal rates varied widely from one part of the country to another. The cost of living in the Louisville metropolitan area was -- and remains -- substantially below areas such as New York, Washington, D.C., Chicago, Los Angeles, etc. Nonetheless, twelve years ago, Congress made the determination that a single nationwide maximum rate was appropriate absent unusual circumstances. Thus, it is apparent that Congress did *not* intend every *national* cost of living increase to automatically change the statutory ceiling in every market. Indeed, if this Court adjusted the "ceiling" on the basis of changes in the national Consumer Price Index, it would be usurping the amendment authority of the legislative branch.

Nonetheless, the cost of living – and with it, prevailing hourly rates -- in the Louisville metropolitan area has risen substantially over the past twelve years. Based on the prevailing rate information provided in this and similar cases, and on the awards made in this District and in the Eastern District of Kentucky, it is apparent to this Court that the presumptive maximum rates for some social security work should exceed $125. The Court concludes that for experienced Louisville metropolitan area practitioners who concentrate in social security disability work, the presumptive maximum EAJA hourly rate will be $140.

The Court hastens to add that its action in restricting this to *Louisville* attorneys in no way

reflects any belief that attorneys in other parts of the Western District have any less experience, competence or special expertise, or are in any way deserving of less recognition. Rather, the restriction reflects only the readily observable circumstance that the cost of living and prevailing legal rates in the Louisville metropolitan area are higher – perhaps considerably higher – than in other parts of the Western District of Kentucky. "Although rate fluctuations among federal courts serving the same city are arbitrary, the same rate disparities between courts serving two different markets is more than reasonable; indeed, it is expressly contemplated by the Act itself." Yoes v. Barnhart, 467 F.3d 426, 427 (5th Cir. 2006).

Counsel in the current case is certainly an experienced social security disability practitioner, and he practices in the Louisville metropolitan market. Defendant does not object to counsel's request that he be awarded fees for 22.5 hours of work, and the Court does not find this amount of time unreasonable for this case. Compensation at the rate of $140 per hour results in an attorney fee of $3150.00. Accordingly,

IT IS ORDERED:

1. Plaintiff's motion for award of fees pursuant to the Equal Access to Justice Act is granted.

2. Defendant shall pay to plaintiff's counsel a fee in the amount of $3150.00, together with costs and expenses in the amount of $375.89.

3. To the extent that this fee duplicates that awarded under 42 U.S.C. Sec. 406(b), counsel for plaintiff shall reimburse his client.

This is a final and appealable order.